# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **PATRICK WAYNE DULA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | 1:11CV373 |
| v. | ) | 1:09CR35-1 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Patrick Wayne Dula, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 35.)[1] Petitioner was indicted on, and later pled guilty to, one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). A third charge, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), was dismissed pursuant to Petitioner's plea agreement. (Docket Nos. 1, 12, 13). Petitioner was sentenced to a total of 87 months of imprisonment. (Docket No. 18.)

---

[1] This and all further cites to the record are to the criminal case.

The facts supporting Petitioner's guilty plea, as set out in the factual basis, are as follows:

> On November 13, 2007, at approximately 1:30 p.m., Detective K. L. Jones with the Winston-Salem Police Department's Narcotics Squad was traveling in her undercover vehicle in the 800 block of Goldfloss Street when she noticed a dark vehicle stationary in the middle of the road with two men standing in the road on the driver's side of the car. The two men were later identified as PATRICK WAYNE DULA (Defendant DULA) and Shunta Leonard Frazier.
>
> During her investigation, Detective Jones saw Defendant DULA and Frazier smoking a marijuana blunt and subsequently recovered a still-warm blunt near Defendant DULA and Frazier. Detective Jones subsequently received a positive K9 alert on a Dodge Magnum, a vehicle used by Defendant DULA. In the center console of the vehicle, detectives located a bag containing 25.5 grams (net weight) of cocaine hydrochloride. Defendant DULA was then read his Miranda right and searched. When the detective patted Defendant DULA's leg, a .40 caliber Smith and Wesson Ruger, model P94[2], serial number 341-02708, fell out of his pants leg onto the asphalt. Defendant DULA had $358 in his pocket.
>
> At the jail, Defendant DULA admitted possession of the drugs in the car and the firearm and that he bought the firearm for protection.

(Docket No. 13.) Petitioner made no objection to those facts. (Docket No. 25 at 21.) The facts are additionally supported by the Presentence Report (PSR ¶¶ 5-7) to which Petitioner also made no objection. (Docket No. 26 at 2.)

Following an unsuccessful direct appeal regarding his sentence, Petitioner filed his current motion under § 2255. In that motion, he raises three claims for relief, all of which are closely related. Petitioner alleges in his first claim that he received ineffective assistance

---

[2] The Presentence Report (PSR) actually identifies the gun as a ".40 caliber Ruger, model P94." (PSR ¶ 6.)

of counsel because his attorney incorrectly told him that he could not receive a suppression hearing because the rental car containing the drugs was not rented in his name. Petitioner maintains that he was listed as an authorized driver on the rental agreement, which meant that he did have a privacy interest in the car sufficient to allow a suppression motion. Petitioner adds in his second and third claims for relief that counsel incorrectly advised him to plead guilty rather than seeking suppression of the evidence against him because of counsel's failure to properly investigate the case and that counsel provided ineffective assistance by not filing a suppression motion. Respondent has filed a response to these claims in which it seeks to have Petitioner's § 2255 motion denied. (Docket No. 43.) Petitioner has filed a reply (Docket No. 46) and his motion is before the Court for a decision.

## **DISCUSSION**

As just stated, Petitioner's claims all allege ineffective assistance of counsel based on his belief that he had valid grounds to file a successful suppression motion rather than plead guilty. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d

255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985). The Court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)(citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Here, Petitioner can show neither deficient performance by his attorney nor any prejudice. Throughout his pleadings, Petitioner focuses heavily on questions such as whether he was an authorized driver of the vehicle in question, whether he had an expectation of privacy in the car, and whether he had standing to challenge the search of the car that led to the discovery of the drugs and firearm. What he appears not to realize is that all of those matters were irrelevant. This is because, assuming for the purposes of this opinion that Petitioner was an authorized driver, that he had an expectation of privacy in the car, and that he did have standing to challenge the search of the car, Petitioner still had no valid grounds upon which a successful suppression motion could have been based.

Petitioner's car was parked on a public street when it was sniffed by the K-9 drug dog. The sniffing of the car is not a search under the Fourth Amendment. *United States v. Jeffus*, 22 F.3d 554, 557 (4th Cir. 1994)(citing *United States v. Place*, 462 U.S. 696, 707 (1983)). Following the sniff, the dog gave a positive alert on Petitioner's car. This then gave Officer Jones probable cause to search the car without a warrant. *United States v. Kelly*, 592 F.3d 586, 592 (4th Cir.), *cert. denied*, ___ U.S. ___, 130 S. Ct. 3374 (2010); *Jeffus, supra*. Upon searching the car, she located drugs. In the process of arresting Petitioner based on the drugs, she then discovered the firearm. Given all of this, any suppression motion would have been pointless. Petitioner's attorney did not fall below the reasonable standard for defense attorneys by advising Petitioner to forego a meritless suppression motion in favor of accepting a plea bargain. Likewise, there is no reason that any rational defendant would have rejected a plea bargain in order to pursue a suppression motion that clearly had no merit. Petitioner cannot establish either prong of an ineffective assistance of counsel claim. All

three of his claims should be denied and his motion should be denied.[3]

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 35) be denied and that this action be dismissed.

                                                             /s/ P. Trevor Sharp
                                                          United States Magistrate Judge

Date: January 31, 2012

---

[3] In an apparent attempt to avoid this outcome, Petitioner presents an alternate version of events in his brief supporting his § 2255 motion. He claims that Officer Jones stated that she was going to search his car even without consent and that she threw a yellow rag into the backseat vehicle through an open window before opening the door to allow the K-9 into the backseat and claiming that the dog had alerted. There is absolutely nothing in the record to support this version of events which Petitioner has apparently mentioned for the very first time in his § 2255 brief despite having prior opportunities to raise them at his plea colloquy, sentencing hearing, and/or in a "Motion for Ineffective Assistance of Counsel." In the latter document, which he filed after sentencing, but prior to the judgment being entered, Petitioner complains that counsel failed to investigate and discover that he was actually innocent, but does not mention his current claims. (Docket No. 17.) Also, Petitioner does not now claim to have any witnesses to support his allegation of misconduct by Officer Jones, which means that he would have had to take the stand in order to base any claim for suppression upon it. It is apparent that the government would have produced contrary witnesses if the allegation had been raised. Petitioner would have faced long odds at succeeding on a suppression motion based on his current story in the face of contrary testimony from law enforcement officers. The far more likely outcome is that Petitioner would have lost the suppression motion, lost any chance at receiving a sentence reduction for acceptance of responsibility, and had his sentence increased for obstruction of justice. He cannot show that a reasonable defendant in his shoes would have pursued this path rather than plead guilty.